IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES RALPH ODOM, #113614 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv191 |
| OFFICER BELTRAIN, et. al. | § | |

<u>REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff James Ralph Odom, an inmate formerly confined at the Gregg County Jail proceeding *pro se* and *in forma pauperis*, filed this numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On July 26, 2022, the undersigned issued an order, (Dkt. #8), granting Plaintiff's motion to amend his complaint and ordering Plaintiff to either submit the requisite filing fee or an application for leave to proceed *in forma pauperis*. The order provided that Plaintiff shall file his amended complaint, on the standardized section 1983 form, no later than August 31, 2022—and warned Plaintiff that the failure to comply with the order may result in the dismissal of the lawsuit. A copy of the order was sent to Plaintiff at his last-known address, with an acknowledgment card. The docket reflects that the order was returned as "undeliverable," (Dkt. #9), with a notation that Plaintiff is no longer at his address. Plaintiff failed to submit a notice of a change of address and has not filed his amended complaint as ordered.

A Plaintiff has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address. This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical

1

address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."

At the bottom of Plaintiff's complaint, (Dkt, #1, pg. 5), to which Plaintiff signed under penalty of perjury, it states "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and the failure to do so may result in the dismissal of this lawsuit." Nonetheless, despite warnings in the complaint, Plaintiff has not supplied the Court with an updated mailing address.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff failed to file a notice of a change of address, which is required. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex.—McAllen, Oct. 10, 2016) (explaining that, generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case. Furthermore, he failed to comply with an order of the Court because he has not filed his amended complaint.

Plaintiff's failure to prosecute this case and to comply with an order of the Court are not actions threaten the judicial process—thereby rendering a dismissal with prejudice unwarranted.

2

Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to prosecute his case and Plaintiff's failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 12th day of September, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE